PETER C. ANDERSON
UNITED STATES TRUSTEE
MICHAEL A. JONES, State Bar No. 271574
ASSISTANT UNITED STATES TRUSTEE
DAVID S. SHEVITZ, State Bar No. 271917
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
915 Wilshire Blvd., Suite 1850
Los Angeles, California 90017
(213) 894-3240 telephone
(213) 894-2603 facsimile
Email: David.S.Shevitz@usdoj.gov

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>**LOS ANGELES KOREAN 1ST PRESBYTERIAN CHURCH CORPORATION,**<br><br>Debtor. | Case No.: 2:24-bk-18457-BB<br><br>Chapter 11<br><br>**UNITED STATES TRUSTEE'S NOTICE OF MOTION AND MOTION UNDER 11 U.S.C. § 1112(B) TO DISMISS, CONVERT, OR DIRECT THE APPOINTMENT OF A CHAPTER 11 TRUSTEE; DECLARATION OF BANKRUPTCY AUDITOR JENNA HUNTER IN SUPPORT THEREOF**<br><br>Hearing Date:  December 5, 2024<br>Time          10:00 a.m.<br>Place         Courtroom 1539<br>              255 E. Temple St.<br>              Los Angeles, CA 90012 |

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE FOR THE CENTRAL DISTRICT OF CALIFORNIA, DEBTOR, AND ALL PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that on December 5, 2024, at 10:00 a.m. in Courtroom 1539, or as soon thereafter as the matter may be heard, Peter C. Anderson, United States Trustee for the Central District of California (hereafter "U.S. Trustee"), through the undersigned attorney, will and

- 1 -

hereby does move this Court for an order dismissing, converting, or directing the appointment of a Chapter 11 trustee in the above-entitled case pursuant to 11 U.S.C. § 1112(b) for cause, and for such other relief as may be appropriate on the grounds set forth below.

This Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities attached hereto, all other papers and pleadings on file with this Court, and such evidence as the Court might receive at the time of the hearing on the Motion.

Local Bankruptcy Rule 9013-1(1)(f) requires that any opposition or response to this Motion must be stated in writing, filed with the Clerk of the Court and served on the United States Trustee at 915 Wilshire Blvd, Suite 1850, Los Angeles, CA 90017 and on the Chapter 7 Trustee, at least 14 days prior to the hearing.  Failure to file and serve any opposition may be considered consent to the relief requested in this Motion.

DATE: November 8, 2024

Respectfully Submitted,
PETER C. ANDERSON
UNITED STATES TRUSTEE

By:   /s/ David S.  Shevitz
          Attorney for the United States Trustee

## I.    **INTRODUCTION**

Los Angeles Korean 1st Presbyterian Church Corporation (hereinafter "Debtor") filed this current Chapter 11 case on October 17, 2024.  The U.S. Trustee alleges that cause exists for dismissal, conversion to Chapter 7, or directing the appointment of a Chapter 11 trustee pursuant to 11 U.S.C. § 1112(b) because there is unexcused failure to satisfy timely Chapter 11 filing or reporting requirement and failure timely to provide information or attend meetings reasonably requested by the U.S. Trustee.  Specifically, the Debtor has failed to timely comply with U.S. Trustee Chapter 11 requirements.  Therefore, the instant case should be dismissed.

## II.    **JURISDICTION AND STANDING**

This Court has jurisdiction of this matter under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1) and 28 U.S.C. § 151.  This is a core proceeding under 28 U.S.C. § 157 (b)(2)(A) and (B).  This motion is filed pursuant to 11 U.S.C. § 1112(b).

## III.    **STATEMENT OF FACTS**

1.    On October 17, 2024, the Debtor filed a voluntary Chapter 11 petition (the "Petition").[1]

2.    To date, no disclosure statement or plan of reorganization has been filed or submitted by the Debtor.

3.    The Debtor has failed to comply with the requirements of the U.S. Trustee's Guidelines and Requirements for Chapter 11 Debtors in Possession Effective September 1, 2022 (Notices and Guides), Bankruptcy Code, and/or Local Bankruptcy Rules by failing to provide documents, financial reports or attend requirement meetings as follows:

a.    The Debtor has failed to timely file all of its Schedules of Assets and Liabilities (missing Schedules E/F), Statement of Financial Affairs, List of

---

[1] The U.S. Trustee respectfully requests that the Court take judicial notice of the Debtor's petition, schedules, statement of financial affairs, and other documents filed therewith and any amendments thereto which are in the Court's file, pursuant to Fed. R. Evid. 201, as made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9017.  The information contained in these documents, signed under penalty of perjury by the Debtor(s), are admissible admissions of the Debtor(s) pursuant to Fed. R. Evid. 801(d).

20 Largest Unsecured Creditors, and Notice of Setting/Increasing Insider Compensation.

b.    The Debtor has failed to provide the Declaration of Debtor Regarding Compliance with U.S. Trustee Guidelines and Requirements for Chapter 11 Debtors in Possession ("Chapter 11 Compliance Declaration").

c.    The Debtor has failed to provide the Real Property Questionnaire(s).

d.    The Debtor has failed to provide sufficient evidence of closing of all pre-petition bank accounts including: (a) closing bank statements; and/or (b) bank account information in the Chapter 11 Compliance Declaration.

e.    The Debtor has failed to provide sufficient evidence of the opening and maintenance of the three debtor-in-possession bank accounts (general, payroll and tax) including a copy of the "debtor-in-possession" check for each account.

f.    The Debtor has failed to provide proof of required certificates and/or applicable licenses in the Chapter 11 Compliance Declaration.

g.    The Debtor has failed to provide a list of insiders as defined in 11 U.S.C. § 101(31) in the Chapter 11 Compliance Declaration.

h.    The Debtor has failed to provide the Financial Statement information in the Chapter 11 Compliance Declaration.

i.    The Debtor has failed to provide a projected cash flow statement for the first 90 days of operation under chapter 11.

j.    The Debtor has failed to provide a conformed copy(ies) of the recording of the Debtor(s)'s bankruptcy petition in each county in which real property is owned.

k.    The Debtor has failed to provide a Statement of Major Issues and Timetable Report.

l.    The Debtor has failed to provide copies of the preceding two years of state and federal income tax returns and the most recent payroll and sales tax returns at the Initial Debtor Interview.

m.    The Debtor has failed to provide an Employee Benefit Plan Questionnaire.

n.    While the Debtor's voluntary petition lists an ownership interest in one or more real property(ies) and Debtor has testified that it is receiving rent, to date, neither a motion to use cash collateral nor a stipulation consenting to Debtor's use of cash collateral related to the subject real property(ies) has been filed with the Court.

4.    The Debtor has not filed its application to employ its proposed bankruptcy attorney Matthew Harrison of Prometheus Civic Law pursuant to LBR 2014-1(b)(1)(A).

//
//
//

1    IV.    **LEGAL ARGUMENT**

2        A.    **CONVERSION OR DISMISSAL UNDER 11 U.S.C. § 1112(b)**

3        11 U.S.C. § 1112(b)(1) states: "Except as provided in paragraph (2) and subsection (c), on

4    request of a party in interest, and after notice and a hearing, the court shall convert a case under this

5    chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best

6    interests of creditors and the estate, for cause unless the court determines that the appointment

7    under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate."

8        Under 11 U.S.C. § 1112(b)(4) "For the purpose of this section, the term 'cause' includes-

9    (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable

10   likelihood of rehabilitation; (B) gross mismanagement of the estate; (C) failure to maintain

11   appropriate insurance that poses a risk to the estate or to the public; (D) unauthorized use of cash

12   collateral substantially harmful to one or more creditors; (E) failure to comply with an order of the

13   Court; (F) unexcused failure to satisfy timely any filing or reporting requirement established by this

14   title or by any rule applicable to a case under this chapter; (G) failure to attend the meeting of

15   creditors convened under section 341(a)…without good cause shown by the debtor; (H) failure

16   timely to provide information or attend meetings reasonably requested by the United States Trustee

17   (or the bankruptcy administer, if any);…(J) failure to file a disclosure statement, or to file or

18   confirm a plan, within the time fixed by this title or by order of the court;...(K) failure to pay any

19   fees or charges required under chapter 123 of title 28;..." 11 U.S.C. § 1112(b)(4).  The bankruptcy

20   court has broad discretion in determining what constitutes "cause" adequate for dismissal under

21   11 U.S.C. § 1112(b).  *See In re Consolidated Pioneer Mortg. Entities*, 248 B.R. 368, 375 (9th Cir.

22   B.A.P. 2000).  While section 1112(b)(4) identifies a number of factors that can constitute "cause"

23   for dismissal of a case, the list is not exhaustive. *Id*.

24       Local Bankruptcy Rule 2015-2(a) also mandates timely compliance with the reasonable

25   requirements of the Office of the United States Trustee.

26   //

27   //

28   //

1    **A.**    <u>**THE DEBTOR'S FAILURE TO COMPLY WITH U.S. TRUSTEE**</u>
2    <u>**REQUIREMENTS CONSTITUTES "CAUSE."**</u>

3        A debtor's failure to timely satisfy any filing or reporting requirement is cause under 11

4    U.S.C. § 1112(b)(F) and (H). Local Bankruptcy Rule 2015-2(a)(1) provides that the debtor (other

5    than small business cases and Subchapter V cases) "must file reports in compliance with this Rule

6    and any requirements established by the United States Trustee…" Under the U.S. Trustee Notices

7    and Guides, a chapter 11 debtor must provide, among other things, the following documents to the

8    U.S. Trustee within 7 days of the bankruptcy filing: real property questionnaire, proof of insurance

9    coverage, declaration of closure of all pre-petition bank accounts, list of insiders, projected cash

10    flow, and tax returns. Failure to comply with the reporting requirements of the United States

11    Trustee and Local Bankruptcy Rules is cause to dismiss or convert a chapter 11 case. *See In re*

12    *Bowers Investment Company, LLC*, 553 B.R. 762, 774 (D. Alaska 2016); *In re 3868-70 White Plains*

13    *Road, Inc.*, 28 B.R. 515, 519 (Bankr. S.D.N.Y. 1983). As detailed above and in the attached

14    declaration in support hereof, "cause" exists under 11 U.S.C. § 1112(b)(F) and (H) because of the

15    Debtor's unexcused failure to timely comply with U.S. Trustee reporting requirements.

16    **B.**    <u>**THE DEBTOR'S FAILURE TO COMPLY WITH THE COURT'S ORDER**</u>
17    <u>**TO TIMELY FILE SCHEDULES CONSTITUTES "CAUSE."**</u>

18        The Debtor has also failed to comply with the Court's order to file the remaining schedules.

19    A debtor's "failure to comply with an order of the court" is cause to dismiss a chapter 11 case.

20    11 U.S.C. § 1112(b)(4)(E). Because section 1112(b)(4)(E) protects the integrity of the Court, the

21    subsection does not require any evidence of willfulness, fraudulent intent or bad faith.

22    *In re Babayoff,* 445 B.R. 64, 80 (Bankr. E.D.N.Y. 2011) ("violations of a court's orders are

23    disrespectful to the Court, they are disrespectful to the judicial process."). Here, the Debtor's

24    failure to timely file schedules constitutes cause under § 1112(b)(4)(E).

25    **C.**    <u>**THE COURT SHOULD DISMISS RATHER THAN CONVERT THIS CASE.**</u>

26        Under 11 U.S.C. § 1112(b)(1), when the court finds "cause" to dismiss or convert a chapter

27    11 case, the court must decide which of the several court actions will best serve the estate's

28    creditors. It must: "(1) decide whether dismissal, conversion, or the appointment of a trustee or

examiner is in the best interests of the creditors and the estate; and (2) identify whether there are unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate." *In re: Sullivan*, 522 B.R. 604, 612 (9th Cir. BAP 2014).

Based on a review of the Debtor's Petition, the U.S. Trustee contends that dismissal appears to be in the best interest of creditors because although no schedules E/F have been filed, the U.S. Trustee understands, based on information and belief, that all of the claims set forth on Official Form 204, Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders, are all executory contracts that have been paid timely through the petition date and that the Debtor otherwise has no unsecured debt. *See* Declaration of Jenna Hunter ¶6 and Exhibit "2". Moreover, there are no unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate. Therefore, based on the evidence currently available, dismissal would be in the best interest of creditors.

## D.    <u>IN THE ALTERNATIVE, THE COURT SHOULD ENTER A CONTINUING COMPLIANCE ORDER AND SET DEADLINES</u>.

If the Court makes a finding that dismissal, conversion, or appointment of a trustee is not appropriate in this case, the Court should alternatively issue a continuing compliance order. The Debtor has already failed to timely comply with the chapter 11 debtor-in-possession requirements. A continuing compliance order is necessary to ensure that the Debtor will continue to fulfill its debtor-in-possession fiduciary duties. Accordingly, the Court should order that the Debtor remain in full and timely compliance with all U.S. Trustee requirements and further order that if the Debtor fails to comply with any date set or to remain in full and timely compliance, the U.S. Trustee can submit a one-time notice of delinquency. The Debtor shall have 7 days to cure the deficiencies. If the Debtor fails to cure within 7 days or if the Debtor thereafter again become non-compliant, the U.S. Trustee may submit an application without further hearing, served upon Debtor and Debtor's counsel, to dismiss or convert this case.

The Court should also set further deadlines for the Debtor, including but not limited to, a deadline to file a disclosure statement or plan, to obtain approval of the adequacy of the disclosure statement, and/or to obtain court confirmation of a plan of reorganization.

1    **V.**    **CONCLUSION**

2        For the reasons set forth above, the Court should find cause under § 1112(b) and grant the

3    U.S. Trustee's motion.

4        WHEREFORE, the U.S. Trustee respectfully requests that this Court grant this Motion, and

5    issue any other and further relief as this Court deems appropriate.

6    DATE: November 8, 2024

7                                    Respectfully Submitted,
                                     PETER C. ANDERSON
8                                    UNITED STATES TRUSTEE

9                            By:    /s/ David S. Shevitz
10                                   Attorney for the United States Trustee

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### DECLARATION OF JENNA HUNTER, AUDITOR

I, Jenna Hunter, hereby declare:

1.      I am over the age of eighteen years, and if called upon to testify I could and would do so competently.  I am employed as a Auditor by the Office of the United States Trustee for the Central District of California in the Los Angeles Field Office.  I am the Auditor assigned to the case of *In re: Los Angeles Korean 1st Presbyterian Church Corporation,* Case No. 2:24-bk-18457-BB. I have personal knowledge of the facts set forth herein, and based on that personal knowledge I assert that all such facts are true and correct to the best of my knowledge.

2.      I am familiar with the procedures of the United States Trustee for maintaining paper and electronic submissions by debtors of the requirements of the United States Trustee for Chapter 11 debtors.  These procedures include the routine maintenance of paper and electronic submissions by debtors in electronic files that are maintained for each Chapter 11 case in order for the United States Trustee to discharge his statutory duties.  I have reviewed the files and electronic records of the United States Trustee for his case and have included the results of my review in this declaration.

3.      Based on my review of the case file, the Debtor has failed to comply with the requirements of the U.S. Trustee's Guidelines and Requirements for Chapter 11 Debtors in Possession Effective September 1, 2022 (Notices and Guides), Bankruptcy Code, and/or Local Bankruptcy Rules by failing to provide documents, financial reports or attend requirement meetings as follows:

    a.    The Debtor has failed to timely file Schedules of Assets and Liabilities (missing Schedules E/F), Statement of Financial Affairs, Disclosure of Compensation of Attorney for Debtor (Official Form 2030), and Notice of Setting/Increasing Insider Compensation.

    b.    The Debtor has failed to provide the Declaration of Debtor Regarding Compliance with U.S. Trustee Guidelines and Requirements for Chapter 11 Debtors in Possession ("Chapter 11 Compliance Declaration").

    c.    The Debtor has failed to provide the Real Property Questionnaire(s).

    d.    The Debtor has failed to provide sufficient evidence of closing of all pre-petition bank accounts including: (a) closing bank statements; and/or (b) bank account information in the Chapter 11 Compliance Declaration.

    e.    The Debtor has failed to provide sufficient evidence of the opening and maintenance of the three debtor-in-possession bank accounts (general, payroll and tax) including a copy of the "debtor-in-possession" check for each account.

f.   The Debtor has failed to provide proof of required certificates and/or applicable licenses in the Chapter 11 Compliance Declaration.

g.   The Debtor has failed to provide a list of insiders as defined in 11 U.S.C. § 101(31) in the Chapter 11 Compliance Declaration.

h.   The Debtor has failed to provide the Financial Statement information in the Chapter 11 Compliance Declaration.

i.   The Debtor has failed to provide a projected cash flow statement for the first 90 days of operation under chapter 11.

j.   The Debtor has failed to provide a conformed copy(ies) of the recording of the Debtor(s)'s bankruptcy petition in each county in which real property is owned.

k.   The Debtor has failed to provide a Statement of Major Issues and Timetable Report.

l.   The Debtor has failed to provide copies of the preceding two years of state and federal income tax returns and the most recent payroll and sales tax returns at the Initial Debtor Interview.

m.   The Debtor has failed to provide an Employee Benefit Plan Questionnaire.

n.   While the Debtor's voluntary petition lists an ownership interest in one or more real property(ies) and Debtor has testified that it is receiving rent, to date, neither a motion to use cash collateral nor a stipulation consenting to Debtor's use of cash collateral related to the subject real property(ies) has been filed with the Court.

4.      The Debtor has not filed its application to employ its proposed bankruptcy attorney Matthew Harrison of Prometheus Civic Law pursuant to LBR 2014-1(b)(1)(A).  Attached as Exhibit "1" is a true and correct copy of the Case Docket for *In re: Los Angeles Korean 1st Presbyterian Church Corporation, Case No. 2:24-bk-18457-BB* as of November 6, 2024.

5.      I conducted the Initial Debtor Interview of the Debtor in this case.

6.      The U.S. Trustee contends that dismissal appears to be in the best interest of creditors because although no schedules E/F have been filed, the U.S. Trustee understands, based on information and belief, that all of the claims set forth on Official Form 204, Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders, are all executory contracts that have been paid timely through the petition date and that the Debtor otherwise has no unsecured debt. Attached as Exhibit "2" is a true and correct copy of Official Form 204.

1    I declare under penalty of perjury that the foregoing facts are true and correct.

2    Executed on November 7, 2024 in Los Angeles, CA.

3

4    _____

5    Jenna Hunter, Auditor

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 1

## *2:24bk18457, Los Angeles Korean 1st Presbyterian Church Corpora*

US Bankruptcy Court Docket

United States Bankruptcy Court, California Central

(Los Angeles)

**This case was retrieved on 11/05/2024**

## Header

**Case Number:** 2:24bk18457
**Date Filed:** 10/17/2024
**Date Proceedings & Schedule Retrieved:** 11/05/2024
**Misc:** (0) UNKNOWN
**Chapter:** 11
**Flags:** DsclsDue, PlnDue, Incomplete
**Case Type:** Bankruptcy
**Assets:** Yes
**Vol:** Voluntary
**Judge:** Sheri Bluebond
**341 Date:** 11/18/2024
**341 Location:** UST LA3 TELEPHONIC MEETING CONFERENCE LI
**Pending Status:** Awaiting 341 Meeting

## Participants

### Litigants

Hwa Chong Kang
**TAXID / EIN:**
Added: 11/01/2024
**Creditor**

Los Angeles Korean 1st Presbyterian Church Corporation
213 S. Hobart Blvd
Los Angeles, CA  90004
**TAXID / EIN:** 95-4296709
Added: 10/17/2024
**Debtor**
dba:LA Korean First Presbyterian Church

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA  90017
**TAXID / EIN:**
**Phone:** 213 894-6811
**Email:** ustpregion16.la.ecf@usdoj.gov
Added: 10/17/2024
**U.S. Trustee**

### Attorneys

Marina Fineman
Geraci Law Firm
90 Discovery
Irvine, CA  92618
**Phone:** 949-379-2600
 Assigned: 11/01/24;
**Email:** m.fineman@geracillp.com
Creditor

Matthew Harrison
Prometheus Civic Law
120 Vantis Dr Ste 300,Suite 300
Aliso Viejo, CA  92656
**Phone:** 949-627-4317
 Assigned: 10/17/24;
**Email:** matt@procivlaw.com
Debtor

David Samuel Shevitz
Office of the United States Trustee
915 Wilshire Blvd.,Ste 1850
Los Angeles, CA  90017
**Phone:** 213-894-3240
 LEAD ATTORNEY; Assigned: 10/17/24;
**Email:** David.S.Shevitz@usdoj.gov
U.S. Trustee

## Schedule

| Document No | Deadline/Hearing | Event Filed | Due/Set | Satisfied Date | Terminated | Hearing Judge |
|---|---|---|---|---|---|---|
| 1 | Corp Resolut Auth File | 10/17/2024 | 10/31/2024 | 11/05/2024 | | |
| 1 | CorpOwnershipStat(LBR F1007-4) | 10/17/2024 | 10/31/2024 | | | |
| 1 | Decl Re Sched (Form 106Dec) | 10/17/2024 | 10/31/2024 | | 10/17/2024 | |
| 1 | Decl for Non-Indiv (Form 202) | 10/17/2024 | 10/31/2024 | | | |
| 1 | Discls Comp of Atty(Form 2030) | 10/17/2024 | 10/31/2024 | | | |
| 1 | Eq. Sec. Hold. List | 10/17/2024 | 10/31/2024 | | | |
| 1 | Incomplete Filings Due | 10/17/2024 | 10/31/2024 | | | |
| 1 | Schd A/B(Form106A/B or 206A/B) | 10/17/2024 | 10/31/2024 | 10/31/2024 | | |
| 1 | Schd E/F(Form106E/F or 206E/F) | 10/17/2024 | 10/31/2024 | | | |
| 1 | Schedule C (Form 106C) | 10/17/2024 | 10/31/2024 | | 10/17/2024 | |
| 1 | Schedule D (Form 106D or 206D) | 10/17/2024 | 10/31/2024 | 11/05/2024 | | |
| 1 | Schedule G (Form 106G or 206G) | 10/17/2024 | 10/31/2024 | 11/05/2024 | | |
| 1 | Schedule H (Form 106H or 206H) | 10/17/2024 | 10/31/2024 | 11/05/2024 | | |
| 1 | Schedule I (Form 106I) | 10/17/2024 | 10/31/2024 | | 10/17/2024 | |
| 1 | Schedule J (Form 106J) | 10/17/2024 | 10/31/2024 | | 10/17/2024 | |
| 1 | Statement (Form 122B) | 10/17/2024 | 10/31/2024 | | 10/17/2024 | |
| 1 | StmtFinAffairs(Form107 or 207) | 10/17/2024 | 10/31/2024 | | | |
| 1 | StmtRelatedCases (LBR F1015-2) | 10/17/2024 | 10/31/2024 | 10/31/2024 | | |
| 1 | Summary(Form 106Sum or 206Sum) | 10/17/2024 | 10/31/2024 | | | |
| 1 | Verif. of List of Cred(Master) | 10/17/2024 | 10/31/2024 | 10/31/2024 | | |
| 10 | 341 Meeting | 10/22/2024 | 11/18/2024 at 10:30 AM | | | |
| 12 | Initial Status Conference Rpt | 10/28/2024 | 11/20/2024 | | | |
| 12 | Hearing | 10/28/2024 | 12/04/2024 at 10:00 AM | | | Bluebond, Sheri |
| 12 | Status Hearing | 10/28/2024 | 12/04/2024 at 10:00 AM | | | Bluebond, Sheri |
| 10 | Objection to Discharge Due | 10/22/2024 | 01/17/2025 | | | |

2:24bk18457, Los Angeles Korean 1st Presbyterian Church Corpora

## Proceedings

| # | Date | Proceeding Text | Source |
|---|---|---|---|
| 1 | 10/17/2024 | Chapter 11 Voluntary Petition Non-Individual. Fee Amount $1738 Filed by John Suh List of Equity Security Holders due 10/31/2024. Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 10/31/2024. Schedule A/B: Property (Form 106A/B or 206A/B) due 10/31/2024. Schedule C: The Property You Claim as Exempt (Form 106C) due 10/31/2024. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due 10/31/2024. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 10/31/2024. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 10/31/2024. Schedule H: Your Codebtors (Form 106H or 206H) due 10/31/2024. Schedule I: Your Income (Form 106I) due 10/31/2024. Schedule J: Your Expenses (Form 106J) due 10/31/2024. Declaration About an Individual Debtors Schedules (Form 106Dec) due 10/31/2024. Declaration Under Penalty of Perjury for Non-Individual Debtors (Form 202) due 10/31/2024. Statement of Financial Affairs (Form 107 or 207) due 10/31/2024. Chapter 11 Statement of Your Current Monthly Income (Form 122B) Due: 10/31/2024. Incomplete Filings due by 10/31/2024. (Attachments: # 1 List of 20 Largest Creditors) (Harrison, Matthew) WARNING: Correct name of debtor is Los Angeles Korean 1st Presbyterian Church Corporation Modified on 10/17/2024 (SM2). WARNING: Item subsequently amended by docket entry #3. Master Mailing List of Creditors which must include the name, mailing address, and zip code of each creditor listed in Schedules D, and E/F [FRBP 1007; LBR10071(a)] due by 10/21/24. Master Mailing List of Creditors must be uploaded in CM/ECF in text (.txt) format in accordance with the Court Manual due by 10/21/24 (BNC). Case also deficient for Corporate Ownership Statement (LBR Form F1007-4) due by 10/31/2024. Statement of Related Cases (LBR Form F1015-2) due 10/31/2024. Disclosure of Compensation of Attorney for Debtor (Form 2030) due 10/31/2024. Verification of Master Mailing List of Creditors (LBR Form F1007- | |
| | 10/17/2024 | Set Case Commencement Deficiency Deadlines (ccdn) (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Los Angeles Korean 1st Presbyterian Church Corporation) Corporate Resolution Authorizing Filing of Petition due 10/31/2024. Corporate Ownership Statement (LBR Form F1007-4) due by 10/31/2024. Statement of Related Cases (LBR Form F1015-2) due 10/31/2024. Disclosure of Compensation of Attorney for Debtor (Form 2030) due 10/31/2024. Verification of Master Mailing List of Creditors (LBR Form F1007-1) due 10/31/2024. (DF) (Entered: 10/18/2024) | |
| 2 | 10/17/2024 | Case Commencement Deficiency Notice (BNC) /Corporate Resolution Authorizing Filing of Petition due 10/31/2024. Corporate Ownership Statement (LBR Form F1007-4) due by 10/31/2024. Statement of Related Cases (LBR Form F1015-2) due 10/31/2024. Disclosure of Compensation of Attorney for Debtor (Form 2030) due 10/31/2024. Verification of Master Mailing List of Creditors (LBR Form F1007-1) due 10/31/2024. (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Los Angeles Korean 1st Presbyterian Church Corporation) (DF) (Entered: 10/18/2024) | |
| 3 | 10/18/2024 | Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours/Master Mailing List of Creditors which must include the name, mailing address, and zip code of each creditor | |

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| | | listed in Schedules D, and E/F [FRBP 1007; LBR10071(a)] due by 10/21/24. Master Mailing List of Creditors must be uploaded in CM/ECF in text (.txt) format in accordance with the Court Manual due by 10/21/24 (BNC) . (DF). Note: 72 Hours Deficiency Has Been Cured. Modified on 10/22/2024 (LL2). (Entered: 10/18/2024) | |
| 4 | 10/18/2024 | Notice to Filer of Error and/or Deficient Document  Petition was filed as incomplete, and additional schedules or statements are deficient. Master Mailing List of Creditors which must include the name, mailing address, and zip code of each creditor listed in Schedules D, and E/F [FRBP 1007; LBR10071(a)] due by 10/21/24. Master Mailing List of Creditors must be uploaded in CM/ECF in text (.txt) format in accordance with the Court Manual due by 10/21/24 (BNC). Case also deficient for Corporate Ownership Statement (LBR Form F1007-4) due by 10/31/2024. Statement of Related Cases (LBR Form F1015-2) due 10/31/2024. Disclosure of Compensation of Attorney for Debtor (Form 2030) due 10/31/2024. Verification of Master Mailing List of Creditors (LBR Form F1007-1) due 10/31/2024.  THE FILER IS INSTRUCTED TO FILE THE DEFICIENT DOCUMENTS.  (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Los Angeles Korean 1st Presbyterian Church Corporation) (DF) (Entered: 10/18/2024) | |
| 5 | 10/20/2024 | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Los Angeles Korean 1st Presbyterian Church Corporation) No. of Notices: 1. Notice Date 10/20/2024. (Admin.) (Entered: 10/20/2024) | |
| 6 | 10/20/2024 | BNC Certificate of Notice (RE: related document(s)2 Case Commencement Deficiency Notice (BNC)) No. of Notices: 1. Notice Date 10/20/2024. (Admin.) (Entered: 10/20/2024) | |
| 7 | 10/20/2024 | BNC Certificate of Notice (RE: related document(s)3 Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (VAN-197) (BNC)) No. of Notices: 2. Notice Date 10/20/2024. (Admin.) (Entered: 10/20/2024) | |
| | 10/22/2024 | Receipt of Voluntary Petition (Chapter 11)( 2:24-bk-18457) [misc,volp11] (1738.00) Filing Fee. Receipt number A57527692. Fee amount 1738.00. (re: Doc# 1) (U.S. Treasury) (Entered: 10/22/2024) | |
| 8 | 10/22/2024 | List of Creditors (Master Mailing List of Creditors)  Filed by Debtor Los Angeles Korean 1st Presbyterian Church Corporation. (Harrison, Matthew) (Entered: 10/22/2024) | |
| 9 | 10/22/2024 | Notice to Filer of Correction Made/No Action Required:  Other: All documents filed with the court must have a pleading cover sheet that includes debtor"s name, case number and title of document. - THIS ENTRY IS PROVIDED FOR FUTURE REFERENCE.   (RE: related document(s)8 List of Creditors (Master Mailing List of Creditors) filed by Debtor Los Angeles Korean 1st Presbyterian Church Corporation) (PP) (Entered: 10/22/2024) | |
| 10 | 10/22/2024 | Meeting of Creditors 341(a) meeting to be held on 11/18/2024 at 10:30 AM at UST-LA3, TELEPHONIC MEETING. CONFERENCE LINE:1-866-811-2961, PARTICIPANT CODE:9609127. Last day to oppose discharge or dischargeability is 1/17/2025. (LL2) (Entered: 10/22/2024) | |
| 11 | 10/24/2024 | BNC Certificate of Notice (RE: related document(s)10 Meeting of Creditors Chapter 11 (Corporations or Partnerships) (309F1)) No. of Notices: 11. Notice Date 10/24/2024. (Admin.) (Entered: 10/24/2024) | |
| 12 | 10/28/2024 | Order setting initial status conference in chapter 11 case (BNC-PDF) Signed on 10/28/2024 (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Los Angeles Korean 1st | |

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| | | Presbyterian Church Corporation). Status hearing to be held on 12/4/2024 at 10:00 AM at Crtrm 1539, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sheri Bluebond Initial Status Conference Report Due By 11/20/2024. (ME2) (Entered: 10/28/2024) | |
| | 10/29/2024 | Hearing Set (RE: related document(s) 12  Order setting initial status conference in chapter 11 case (BNC-PDF) ) Hearing to be held on 12/04/2024 at 10:00 AM 255 E. Temple St. Courtroom 1539 Los Angeles, CA 90012. The hearing judge is Sheri Bluebond (ME2) (Entered: 10/29/2024) | |
| 13 | 10/30/2024 | BNC Certificate of Notice - PDF Document. (RE: related document(s)12 Order setting initial status conference in chapter 11 case (BNC-PDF)) No. of Notices: 1. Notice Date 10/30/2024. (Admin.) (Entered: 10/30/2024) | |
| 14 | 10/31/2024 | Schedule A/B for Non-Individual: Property (Official Form 106A/B or 206A/B)  Filed by Debtor Los Angeles Korean 1st Presbyterian Church Corporation (RE: related document(s)1 Voluntary Petition (Chapter 11)). (Harrison, Matthew) (Entered: 10/31/2024) | |
| 15 | 10/31/2024 | Verification of Master Mailing List of Creditors (LBR Form F1007-1)  Filed by Debtor Los Angeles Korean 1st Presbyterian Church Corporation (RE: related document(s)1 Voluntary Petition (Chapter 11)). (Harrison, Matthew) (Entered: 10/31/2024) | |
| 16 | 10/31/2024 | Statement of Related Cases (LBR Form 1015-2.1)  Filed by Debtor Los Angeles Korean 1st Presbyterian Church Corporation (RE: related document(s)1 Voluntary Petition (Chapter 11)). (Harrison, Matthew) (Entered: 10/31/2024) | |
| 17 | 11/01/2024 | Request for courtesy Notice of Electronic Filing (NEF) NOTICE OF APPEARANCE AND REQUEST FOR SERVICE OF NOTICES BY GERACI LAW FIRM Filed by Fineman, Marina. (Attachments: # 1 Proof of Service of Document) (Fineman, Marina) (Entered: 11/01/2024) | |
| 18 | 11/05/2024 | Corporate resolution authorizing filing of petitions  Filed by Debtor Los Angeles Korean 1st Presbyterian Church Corporation (RE: related document(s)1 Voluntary Petition (Chapter 11)). (Harrison, Matthew) (Entered: 11/05/2024) | |
| 19 | 11/05/2024 | Schedule D Non-Individual: Creditors Who Have Claims Secured by Property (Official Form 106D or 206D)  Filed by Debtor Los Angeles Korean 1st Presbyterian Church Corporation (RE: related document(s)1 Voluntary Petition (Chapter 11)). (Harrison, Matthew) (Entered: 11/05/2024) | |
| 20 | 11/05/2024 | Schedule G Non-Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G)  Filed by Debtor Los Angeles Korean 1st Presbyterian Church Corporation (RE: related document(s)1 Voluntary Petition (Chapter 11)). (Harrison, Matthew) (Entered: 11/05/2024) | |
| 21 | 11/05/2024 | Schedule H Non-Individual: Your Codebtors (Official Form 106H or 206H)  Filed by Debtor Los Angeles Korean 1st Presbyterian Church Corporation (RE: related document(s)1 Voluntary Petition (Chapter 11)). (Harrison, Matthew) (Entered: 11/05/2024) | |

# Claims

**No information is available for this case**

# Creditors

Art Box

928 S Western Ave #150

Los Angeles, CA  90006

BMP Inc

7622 Katella Ave #221

Stanton, CA  90680

Coalition SEO

445 S Figueroa St #3100

Los Angeles, CA  90071

Han Jiun Shin

1074 S Orange Grove Blvd

Pasadena, CA  91105

Hwa Chong Kang

7416 E. Grovewood Lane

Orange, CA  92869

Kleen Kraft Services

5801 Sheila St

Commerce, CA  90040

Shinhan Bank

3000 W Olympic Blvd

Los Angeles, CA  90006

Solomon Ko and Jung Sook Ko

9701 Stamps Avenue

Downey, CA  90240

TGI BBQ

2585 W Olympic Blvd

Los Angeles, CA  90006

TJ Enterprise Inc

633 West Fifth Street 26

Los Angeles, CA  90071

Hwa Chong Kang

Copyright © LexisNexis CourtLink, Inc. All Rights Reserved.
*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

**End of Document**

EXHIBIT 2

**Fill in this information to identify the case:**

Debtor name __Los Angeles Korean 1st Presbyterian Church Co__

United States Bankruptcy Court for the: __Central_____ District of __California__
(State)

Case number (If known): _____

☐ Check if this is an
amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | TJ Enterprise, Inc. 633 West Fifth Street, 26 Los Angeles, CA 90071 | (213) 223-2300 | construction | | | | $1,200,000 |
| 2 | TGI BBQ 2585 W Olympic Blvd Los Angeles, CA 90006 | (213) 375-7066 | catering | | | | $56,783.20 |
| 3 | B.M.P., Inc. 7622 Katella Ave #221 Stanton, CA 90680 | (714) 767-6654 | loan | | | | $850,000 |
| 4 | Art Box 928 S Western Ave #150 Los Angeles, CA 90006 | (323) 795-0266 | Office Supplies | | | | $2340.55 |
| 5 | Coalition SEO 445 S Figueroa St #3100 Los Angeles, CA 90071 | (888) 473-6513 | Data Storage | | | | $11,450.64 |
| 6 | | | | | | | |
| 7 | | | | | | | |
| 8 | | | | | | | |

Debtor _____     Case number (if known)_____
       Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | | | | | | |
| 10 | | | | | | |
| 11 | | | | | | |
| 12 | | | | | | |
| 13 | | | | | | |
| 14 | | | | | | |
| 15 | | | | | | |
| 16 | | | | | | |
| 17 | | | | | | |
| 18 | | | | | | |
| 19 | | | | | | |
| 20 | | | | | | |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

915 Wilshire Blvd. Suite 1850, Los Angeles CA 90017.

A true and correct copy of the foregoing document entitled (*specify*): __ **UNITED STATES TRUSTEE'S NOTICE OF MOTION AND MOTION UNDER 11 U.S.C. § 1112(B) TO DISMISS, CONVERT, OR DIRECT THE APPOINTMENT OF A CHAPTER 11 TRUSTEE; DECLARATION OF LEGAL ASSISTANT MARIA A. RAMOS IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/8/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See Attached:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 11/8/2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.
Debtor:

See Attached:

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __11/7/2024__, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/8/2024 | David S. Shevitz | /s/ David S. Shevitz |
|-----------|------------------|----------------------|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                   **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION**

**SECTION I – EMAIL SERVICE**

**Marina Fineman     m.fineman@geracillp.com**
**Matthew Harrison  (proposed counsel for Debtor)   matt@procivlaw.com**
**David Samuel Shevitz     David.S.Shevitz@usdoj.gov**
**United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov**

**SECTION II – U.S. MAIL SERVICE**

**Debtor**
Los Angeles Korean 1st Presbyterian Church Corporation
213 S. Hobart Blvd
Los Angeles, CA 90004

**Judge**
Honorable Sheri Bluebond
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1534
Los Angeles, CA 90012

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                          **F 9013-3.1.PROOF.SERVICE**

FROM:      OFFICE OF THE UNITED STATES TRUSTEE

DATE:      November 8, 2024

TO:        BANKRUPTCY NOTICING CENTER

SUBJECT:   UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT CASE

**<u>PART I</u>**

**Please notice the subject motion for the following Chapter 11 case:**

CASE NUMBER: 2:24-bk-18457-BB

CASE NAME: LOS ANGELES KOREAN 1ST PRESBYTERIAN CHURCH
CORPORATION

DATE PETITION FILED: October 17, 2024

HEARING DATE:  **December 5, 2024**            TIME: **10:00 am**

COURTROOM: 1539, 255 East Temple Street, Los Angeles

CONTACT AT U.S. TRUSTEE'S OFFICE: David S. Shevitz, Trial
Attorney

<u>For Conversion or Dismissal Only</u>

Does the conversion or dismissal involve a joint petition
wherein one party (husband or wife) has been converted or
dismissed?

                { } Yes            { X } No

If yes, explain:

PREPARED BY: David S. Shevitz

================================================================

**<u>PART II</u>**    (To be completed by BANS)

Data Entry Operator _____  Date Entered _____

Comments: _____

_____

_____