MATTHEW SEAN HARRISON (SB# 305019)
PROMETHEUS CIVIC LAW
120 Vantis, Suite 300
Aliso Viejo, CA 92656
Telephone (949) 436-4500
Email: matt@procivlaw.com

Attorney for Debtor Los Angeles Korean 1st Presbyterian Church

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| *In re*<br>LOS ANGELES KOREAN 1ST PRESBYTERIAN CHURCH CORPORATION<br><br>Debtor and Debtor in Possession. | Case No. 2:24-bk-18457-BB<br>Chapter 11<br><br>**OPPOSITION TO MOTION TO CONVERT OR DISMISS PROCEEDING**<br><br>Date:   December 5, 2024<br>Time: 10:00AM<br>Courtroom 1539<br>255 E. Temple St.<br>Los Angeles, CA 90012 |

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE, AND INTERESTED PARTIES:**

PLEASE TAKE NOTICE THAT Debtor LOS ANGELES KOREAN 1ST PRESBYTERIAN CHURCH CORPORATION respectfully submits this opposition to the Motion to Dismiss or Convert filed by the U.S. Trustee, and set for hearing on December 5, 2024 at 10:00AM in the above courthouse.

PLEASE TAKE FURTHER NOTICE THAT this opposition, as further detailed herein, is based on the fact that Debtor presents unusual circumstances demonstrating that dismissal or conversion is not warranted, and that the deficiencies will be cured by the hearing date or a reasonable time thereafter, and that a Plan for reorganization will be filed and has a reasonable probability of being confirmed.

PLEASE TAKE FURTHER NOTICE THAT Debtor respectfully requests that to the extent the Court is inclined to grant the Motion, that the Court issue continuing compliance order and enable the Debtor to cure the deficiencies within a period of 7 days.

Respectfully Submitted,

Dated: November 20, 2024

    */s/ Matthew Harrison*
MATTHEW SEAN HARRISON, ESQ.
*Attorney for Debtor*
Los Angeles First Korean Presbyterian Church

## OPPOSITION TO MOTION TO DISMISS OR CONVERT

I.  Legal Standard

11 U.S.C. § 1112, as amended, provides that on request of a party in interest, a bankruptcy case shall be converted to a Chapter 7 or dismissed if "just cause" is shown, which includes, in relevant part, any "unexcused failure to satisfy timely any filing or reporting requirement" or "inability to effectuate substantial consumption of [a] plan." (11 U.S.C. §§ 1112(a)(F),(M).).

However, if the court specifically identifies "unusual circumstances [that] establish that the requested conversion or dismissal is not in the best interests of creditors and the estate," the court may not convert or dismiss the case (11 U.S.C. § 1112(b).).  In making such finding, the Court shall ensure that the Debtor submits a timely plan and cures all deficiencies within a reasonable period.

II.  Argument

**Unusual Circumstances Are Present, And Debtor Will Cure All Deficiencies In a Reasonable Time With Plan Submission**

The Trustee's motion is based on the Debtor's alleged failure to provide the following required documents:
- List of 20 Largest Unsecured Creditors, and Notice of Setting/Increasing Insider Compensation
- Declaration of Debtor Regarding Compliance with U.S. Trustee Guidelines and Requirements for Chapter 11 Debtors in Possession
- Real Property Questionnaire(s)

- Sufficient evidence of closing of all pre- petition bank accounts including: (a) closing bank statements; and/or (b) bank account information in the Chapter 11 Compliance Declaration
- Sufficient evidence of the opening and maintenance of the three debtor-in-possession bank accounts (general, payroll and tax) including a copy of the "debtor-in-possession" check for each account
- Proof of required certificates and/or applicable licenses in the Chapter 11 Compliance Declaration
- List of insiders as defined in 11 U.S.C. § 101(31) in the Chapter 11 Compliance Declaration
- Financial Statement information in the Chapter 11 Compliance Declaration
- Projected cash flow statement for the first 90 days of operation under Chapter 11
- Conformed copy(ies) of the recording of the Debtor(s)'s bankruptcy petition in each county in which real property is owned
- Statement of Major Issues and Timetable Report
- Copies of the preceding two years of state and federal income tax returns and the most recent payroll and sales tax returns at the Initial Debtor Interview
- Employee Benefit Plan Questionnaire
- Motion to use cash collateral or a stipulation consenting to Debtor's use of cash collateral related to the subject real property(ies)

The omissions enumerated by the Trustee in its Motion have either been cured or will be cured by the date of the Motion or by a reasonable time set thereafter.  Debtor apologizes to the Court for the delay in filing the requirements, but notes that such submission will obviate the basis of the Trustee's motion.

Additionally, during the same period, Debtor has diligently sought to obtain compliant post-petition debtor-in-possession (DIP) financing, which will enable it to successfully reorganize after satisfying the liabilities owed to secured creditor Hwa Chong Kang, whose actions led to this Petition.  Debtor intends to file a Motion for Approval of such financing prior to December 5 or at a

time shortly thereafter.  As communicated to the Trustee and representative of the secured creditor(s) in prior meetings, such financing will comprise the foundation of the reorganization Plan submitted to the Court for approval.  Debtor has already obtained an updated closing statement for the purpose.

Furthermore, the secured creditor (and all creditors) are adequately protected by an appraisal amount of $11,600,000, based on a recent assessment of a licensed appraiser.

Additionally, several unusual circumstances are present.  The unorthodox actions of secured creditor Hwa Chong Kang, in refusing to provide an accurate accounting of the amount due, led to the voluntary filing of this Petition.   Additionally, the single loan involves cross-collateralization of two properties, the instant church property, 213 S. Hobart Blvd., Los Angeles, and the real property owned by 3160 8th LLC, 3160 8th St, Los Angeles, CA.

This bankruptcy case is filed to enable the refinancing of the secured debt to pay off Ms. Kang in full. Debtor's prepetition efforts for this purpose were unsuccessful solely due to irregularities in the lender's conduct, and Debtor remains committed to ultimately paying off its creditors given the adequate protection in the property.

Given these unusual circumstances, and efforts of the Debtor to timely cure the deficiencies, Court should enable the ability to cure these issues by the hearing date or a time certain thereafter. Accordingly, it should deny the motion or issue a continuing compliance order to ensure the deficiencies are thus cured.

Respectfully Submitted,

Dated: November 21, 2024

 */s/ Matthew Harrison*
MATTHEW SEAN HARRISON, ESQ.
*Attorney for Debtor*
Los Angeles Korean 1st Presbyterian Church